UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRACKERS DEMO, LLC,

    Plaintiff,

                                        Case No. 22-cv-12821
v.                                        Hon. Matthew F. Leitman

OPERATING ENGINEERS LOCAL
324 PENSION FUND,

    Defendant.
_____/

**ORDER MODIFYING REQUEST FOR
SUPPLEMENTAL BRIEFING AND RE-SETTING DEADLINES**

On October 24, 2023, the Court held a hearing on Defendant Operating Engineers Local 324 Pension Fund's Motion for Summary Judgement Pursuant to (ECF No 19) and Plaintiff Crackers Demo, LLC's Motion for Summary Judgement and to Vacate Arbitration Award (ECF No. 20). At the conclusion of the hearing the Court directed parties to file supplemental briefs. Following the hearing, the Court gave additional consideration to the supplemental briefing it had ordered, and the Court decided to modify its request for supplemental briefing as set forth below. In the supplemental briefs, each party shall address the following issues:

- Whether (with respect to the arbitration before Arbitrator Norman Brand) there has been a "completion of arbitration proceedings" under 29 U.S.C. §1401(b)(2). (When answering the question in this bullet point, the parties

1

may incorporate arguments they made in connection with the briefs they filed in connection with the motion to dismiss (ECF No. 11) previously filed by Operating Engineers Local 324 Pension Fund (the "Fund"). They may simply direct the Court to the arguments, if any, they wish to incorporate. They need not repeat those arguments in their supplemental briefs.)

- Assuming arguendo that there has not been a "completion of arbitration proceedings" with respect to the arbitration before Arbitrator Brand, does that lack of completion in any way prevent Crackers Demo, LLC ("Crackers") from proceedings with this civil action at this time? How, if at all, does the stipulated order docketed at ECF No. 15 impact whether a lack of completion prevents Crackers from proceeding now? If the Fund should be deemed to have waived any right it may have had to assert lack of completion as a defense, may the Court nonetheless invoke lack of completion on its own motion? (When answering the questions in this bullet point, the parties may incorporate arguments they made in connection with the briefs they filed in connection with the Fund's motion to dismiss. They may simply direct the Court to the arguments, if any, they wish to incorporate. They need not repeat those arguments in their supplemental briefs.)

- Whether the statements by Heath Salisbury in paragraphs 6, 7, 8, and 9 of his affidavit – that, among other things, "Employers" became "bound to the Road Agreement" (ECF No. 21-16, PageID. 873) – support the contention by Crackers that there was a single operative CBA covering both Crackers and Rieth-Riley Construction Co.

- Whether any evidence in the record before the Court beyond the four corners of the [CBA] and [POAs] supports the conclusion that there was a single operative CBA covering both Crackers and Rieth-Riley Construction Co.

- Whether any evidence in the record before the Court beyond the four corners of the [CBA] and [POAs] undermines the conclusion that there was a single operative CBA covering both Crackers and Rieth-Riley Construction Co.

Finally, Crackers shall respond to the argument by the Fund on pages 3 and 4 of the Fund's Reply Brief regarding "the detrimental effect the ruling Crackers is seeking would have on pension funds." (See Reply, ECF No. 24, PageID.946-947.)

Crackers shall file its supplemental brief by not later than **November 22, 2023**. The Fund shall file its supplemental brief by not later than **December 19, 2023**. The briefs shall not exceed **20 pages**.

**IT IS SO ORDERED.**

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: October 26, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4